IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| JONATHAN C. SNYDER, SR., ) <br> KATIE COMER, AND ARNOLD ) CIVIL ACTION NO. 0:04-22910-CMC-BM <br> COMER, ) <br>     Plaintiffs, ) <br> ) <br> v. ) **REPORT AND RECOMMENDATION** <br> ) <br> ANTHONY W. ROBERTS AND ) <br> CROWDER CONSTRUCTION CO., ) <br> ) <br> ) <br>     Defendants. ) <br> _____) | |

This action was originally filed by the Plaintiffs pro se under the diversity jurisdiction of this Court. 28 U.S.C. § 1332. Plaintiffs filed their Complaint on November 9, 2004.[1]

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on April 19, 2005. As the Plaintiffs were proceeding pro se, a Roseboro order was entered by the Court on April 22, 2005, advising Plaintiffs of the importance of a motion for summary judgment and of the necessity for them to file an adequate response. Plaintiffs were specifically advised that if they failed to respond adequately, the Defendants' motion may be granted, thereby ending this case. Plaintiff Katie Comer thereafter submitted a memorandum in

---

[1] The Plaintiffs originally included Jonathan C. Snyder, Jr. and Jonathan M. Snyder, minor children. Plaintiff Jonathan C. Snyder, Sr. initially attempted to be both a Plaintiff in his own right, as well as representative for the two minor children. However, in an order filed March 30, 2005, the minor children were dismissed as Plaintiffs in this lawsuit after Jonathan Snyder, Sr. failed to provide representation for them as directed by the Court. See Order filed March 30, 2005.



opposition to the Defendants' motion on May 25, 2005, following which Defendants filed a reply memorandum on May 31, 2005.

Subsequently, an attorney filed an appearance on behalf of the Plaintiffs on August 12, 2005, and in consideration of Plaintiffs' previous pro se status, the undersigned entered an order on August 16, 2005 providing Plaintiffs' counsel additional time to file any additional memorandum in opposition to the motion for summary judgment he believed may be necessary. Plaintiffs' counsel thereafter filed a supplemental memorandum in opposition to the motion for summary judgment on September 6, 2005, to which Defendants filed a reply memorandum on September 9, 2005. Defendants' motion for summary judgment is now before the Court for disposition.[2]

**Discussion**

The allegations of Plaintiffs' Complaint relate to an automobile accident that occurred on or about November 10, 2001. According to the allegations of the Complaint, on that date Plaintiff Arnold Comer was operating a vehicle which was struck by a truck owned by the Defendant Crowder Construction Company, and operated by the Defendant Roberts, thereby causing serious injuries to the Plaintiffs. Defendants assert in their motion for summary judgment that the Plaintiffs' claim is barred by the applicable statute of limitations because service of the summons and Complaint was not perfected on the Defendants within the time prescribed under

---

[2]This case was initially automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Local Rule 73.02(B)(2)(e), D.S.C. [providing for automatic referral of pro se cases to United States Magistrate Judges]. While Plaintiffs now have counsel in the case, the referral has remained in effect, and as the Defendants' motion for summary judgment is a dispositive motion, this Report and Recommendation has been entered for review by the Court.



South Carolina law.

The statute of limitations for filing a tort action in South Carolina is three (3) years from the date the cause of action accrued. See S.C.Code Ann. § 15-3-530(5). While Defendants concede that this lawsuit was filed within the appropriate amount of time (the Complaint having been filed on November 9, 2004), Defendants assert that the statute of limitations nevertheless applies because they were not served with process until March 21, 2005, and that Rule 3(a)(2), S.C.R.Civ.P., provides that "a civil action is commenced when the summons and complaint are filed with the Clerk of Court [and] if not served within the statute of limitations, actual service must be accomplished not later than one hundred and twenty days after filing." Defendants argue that, even though the Complaint was timely filed, because the summons and Complaint were not served on the Defendants within the statute of limitations, in order for this action not to be time barred the summons and Complaint would had to have been served on the Defendants by no later than March 9, 2005 (120 days from November 9, 2004). Defendants were not served with the summons and Complaint until twelve (12) days after the expiration of this time period.

Plaintiffs do not contest the time periods set forth hereinabove, and under these facts, Plaintiffs' claim against the Defendants would ordinarily be time barred. However, Plaintiffs argue, inter alia, that they are entitled to equitable tolling of the limitations period in this case because, even though the Complaint was timely filed, they were not able to effect service because of this Court's requirement that pro se filings first undergo a review by the Court, which resulted in a delay of one hundred and one (101) days before the summons were issued. This delay in the issuance of the summons depleted almost all of the 120 day service period provided in Rule 3(a)(2), S.C.R.Civ.P. Plaintiffs also point out that, after issuance of the summons was finally authorized,

3



they served the Defendants within thirty-one (31) days after the summons were issued.

A review of the file supports Plaintiffs' argument. Plaintiffs filed this action on November 9, 2004. The filing fee was paid. However, as the Plaintiffs were proceeding pro se, the case was automatically referred under this Court's rules to a pro se law clerk for filing review. Following this review, by order filed November 23, 2004, the Clerk was directed to docket the case as of the day the pleadings were received, but no process was to be issued pending Plaintiffs' compliance with instructions relating to their pro se status. A second order authorizing the Clerk to issue the summons was not issued until February 18, 2005, and it was only at that time that the Clerk was instructed to forward the summons and a copy of the Complaint to Plaintiffs for service on the Defendants. Plaintiffs were further advised at that time of the requirements of Rule 4(m), Fed.R.Civ.P. Hence, one hundred and one (101) days passed between the filing of the Complaint and the Court's authorization for the Clerk to issue summons in the case. It is unclear in the record how long it was after this order was issued that Plaintiffs actually received the summons and Complaint from the Clerk's office (Plaintiffs reside in Pennsylvania), but service was effected by the Plaintiffs thirty-one (31) days after issuance of the order.

This situation is not unlike that of the plaintiff in Ellibee v. Fox, 2005 WL 1153605 (D.Kan. May 16, 2005). In that case, as in the case at bar, the plaintiff timely filed his complaint under the applicable Kansas statute of limitations, but failed to serve the defendant with process within the time provided by statute. Plaintiff filed his complaint on December 5, 2003, but because he was a prisoner proceeding pro se, the District Court employed 28 U.S.C. § 1915A and reviewed the complaint before allowing the summons to be issued. The court did not authorize the clerk's office to issue a summons for the defendant to be served until September 9, 2004, and the



defendant was not thereafter served by the Marshal until October 26, 2004, after the applicable statute of limitations (and the grace period for serving process) had expired. As with the case at bar, Ellibee "argue[d] that he was beholden to the Court, under the screening process in place for [pro se] cases, to effect service on [the defendant] and therefore, he should not be held accountable for the delay." The court accepted this argument, and found that, under the circumstances presented, plaintiff was entitled to tolling of the statute of limitations because "unique circumstances [were] present", as allowed under Kansas law. Ellibee, at *3. The court further determined that it was the screening required by statute that delayed the service of the summons, and that since this was a matter within the control of the court, it should not be charged to the plaintiff. Id.

The undersigned agrees with the reasoning of the Court in Ellibee. In the case at bar, Plaintiffs timely filed their Complaint and paid the required filing fee, but were not able to obtain a summons at that time initially because of this Court's prefiling review procedures, and later because of a specific court order. The Court did not authorize the Clerk to issue summons in this case until 101 of the 120 days Plaintiffs had to serve the Defendants had already expired, and it obviously would have taken additional time for Plaintiffs to even receive the summons from the Clerk in order to began the process of effecting service on the Defendants. Nevertheless, Plaintiffs were able to obtain service on the Defendants, who live in North Carolina, within thirty-one (31) days after this Court's order authorizing issuance of the summons, and only twelve (12) days past the normal one hundred and twenty (120) day service window.

The Court can certainly discern no prejudice to the Defendants if Plaintiffs receive a twelve (12) day extension in their service time, while the prejudice to the pro se Plaintiffs if this

5



case were not allowed to proceed would obviously be substantial. Therefore, the undersigned finds and concludes under the unique circumstances of this case that the pro se Plaintiffs are entitled to equitable tolling, and that the Defendants are not entitled to dismissal of this action for failure of the Plaintiffs to serve Defendants with process within the time period provided by statute. See 54 C.J.S. Limitations of Actions § 86 ["Under the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order to prevent inequity"]; § 85 ["It may be found that the statute of limitations should be tolled where its policies are outweighed by the interests of justice in vindicating plaintiff's rights."]; *cf*. State ex rel. State Highway Department v. Piedmont & N.Ry. Co., 194 S.E. 631 (S.C. 1938) [Applying standards of corpus juris in deciding whether South Carolina statute of limitations should apply in a given case]; Wiggins v. Edwards, 442 S.E.2d 169, 171 (S.C. 1994) [discussing applicability of doctrine of equitable estoppel to statutes of limitations, and noting that this doctrine may be applied in appropriate circumstances]; Burnett v. New York Central R.Co., 380 U.S. 424, 434 (1965) [when none of the reasons on which the statute is founded can possibly apply, federal courts have exercised equitable discretion to suspend the running of a limitations period in conformity with the policy underlying the statute of limitations]; Cruz v. Beto, 405 U.S. 319 (1972) [Federal court is charged with liberally construing pleadings filed by pro se litigants to allow the development of a potentially meritorious case]; Haines v. Kerner, 404 U.S. 519 (1972) [same].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary

6



judgment be **denied.**  The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October   25,   2005

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

8

