IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| JONATHAN C. SNYDER, SR., ) <br> KATIE COMER, AND ARNOLD ) <br> COMER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ANTHONY W. ROBERTS, AND ) <br> CROWDER CONSTRUCTION CO., ) <br> ) <br> Defendants. ) <br> _____ ) | C.A. No. 0:04-22910-CMC-BM <br><br> ORDER ADOPTING, IN PART, <br> REPORT AND RECOMMENDATION |

This matter is before the court on Defendants' objection to the Report and Recommendation ("Report") of The Honorable Bristow Marchant, United States Magistrate Judge. Dkt No. 32 (Report) and Dkt No. 34 (Objection). For the reasons set forth below, the court adopts the Report to the extent it recommends denial of Defendants' motion for summary judgment. Because the court concludes that further development of the record is appropriate, however, it defers resolution of whether Plaintiffs are entitled to judgment in their favor on the underlying statute of limitations defense. In deferring resolution of this question, the court does not foreclose the possibility that Plaintiffs may be found to be entitled to a ruling in their favor on the statute of limitations defense based solely on the delay in the court's issuance of the summonses.

In resolving the present motion, this court addresses a novel question involving federal court procedures limiting a plaintiff's ability to effect timely service under the State of South Carolina's rules for commencement of actions. For these reasons, the court includes a full explanation of the basis of its ruling in this order which expands on the rationale set forth in the Report.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. That recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber,* 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. *See* 28 U.S.C. § 636(b)(1).

**PROCEDURAL HISTORY**

This action asserts state law claims arising out of an automobile accident which occurred on November 10, 2001. Plaintiffs filed their complaint in this court on November 9, 2004. The applicable state law statute of limitations is three years. *See* S.C. Code Ann. § 15-5-530(5) (2004). Thus, the action was filed on the next to last day on which it could have been "commenced" under the state statute of limitations absent some basis for tolling.

The complaint and proposed summons were referred to a *pro se* staff attorney in the office of the Clerk of Court ("Clerk") for review before summonses were issued. This referral appears to have been based on a procedure set forth in this district's Procedure Bulletin 98-5 (revised 12/31/03) which is entitled "Opening a Civil Case When You Receive a Motion to Proceed in Forma Pauperis and a Complaint." As suggested by the title, this bulletin primarily addresses initiation of *in forma pauperis* (" IFP") actions. Non-IFP *pro se* actions are, however, addressed in a footnote which reads as follows: "If a Pro Se Plaintiff pays the filing fee, do not issue the summons and do not return service copies of the complaint until the Pro Se Staff Attorney reviews the documents and sends you instructions on how to proceed." *Id*. at n. 3. As the undersigned understands the actual procedure,

2

the staff attorney reviews the summons and complaint based on standards set forth in 28 U.S.C. § 1915(e)(2) (directly applicable only to prisoner and *in forma pauperis* actions) and makes a recommendation to a Magistrate Judge.[1] It is the Magistrate Judge, not a staff attorney, who determines whether a summons should issue or whether to recommend dismissal of some or all claims.[2]

The review required by the above procedure resulted in an order which directed one of the adult Plaintiffs to submit an original signature in support of his verification. *See* Dkt No. 3 (entered Nov. 23, 2004). The order also advised the same Plaintiff that he could not represent his minor children on a *pro se* basis and that the children's claims would be dismissed if counsel did not appear within twenty days.

The lack of an original signature on the verification was promptly corrected. Dkt No. 4. Counsel did not, however, appear on behalf of the minors. The court, therefore, dismissed the children's claims without prejudice. Dkt Nos. 6 (Report and Recommendation) & 7 (Order).

The summonses ultimately issued 101 days after the action was filed. *See* Dkt No. 5 (Feb. 18, 2005). At that point, the Magistrate Judge issued an order directing the Clerk to issue the

---

[1] Procedure Bulletin 98-5 is an internal operating procedure adopted by the Clerk of Court in part based on Section 1915 and in part based on guidance from the Administrative Office of the United States Courts. While the authority to delay issuance of a summons in a fee-paid *pro se* case is not directly addressed by these sources, it is clear that the court has inherent authority to review *pro se* complaints for frivolousness even when fees are paid. *E.g., Fitzgerald v. First East Seventh Street Tenant's Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding "that district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"). The court must, however, balance this authority against the obligation to issue summonses in a timely manner. *See* Fed. R. Civ. P. 4(b) (directing clerk to "sign, seal and issue [the summons] to the plaintiff" if it "is in proper form").

[2] Recommended dismissal would be in the form of a Report and Recommendation subject to review by a District Judge.

summonses with one correction in form. Dkt No. 5 at n. * (noting incorrect address on summonses).[3] The order authorizing issuance of the summonses advised Plaintiffs service was required to be accomplished within 120 days of filing of the complaint. It further advised them that this time could be extended only upon a showing of good cause under Rule 4(m) of the Federal Rules of Civil Procedure. *Id.* at 1 (citing *Mendez v. Elliott*, 45 F.3d 75 (4th Cir. 1995)). The order made no reference to the corresponding state court rules which govern when actions are "commenced" for statute of limitations purposes.

The order authorizing issuance of the summonses was mailed to the three then-remaining Plaintiffs together with the summonses themselves on February 18, 2005, the date of entry of the order. Plaintiffs effected service thirty-one (31) days thereafter. Therefore, service occurred 132 days after the action was filed in this court.

Defendants filed the present motion for summary judgment on April 19, 2005, asserting a statute of limitations defense due to the twelve day delay in service beyond the period allowed under the state court rules. *See* Dkt No. 11 (resting on the requirements of S.C.R. Civ. P. 3(a)(2)). The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975) on April 22, 2005, advising Plaintiffs of the significance of such a motion and of their right to respond. Dkt No. 13. One of the Plaintiffs filed a timely response on May 25, 2005, purporting to speak on behalf of all Plaintiffs. Defendants filed a reply May 31, 2005.

The Magistrate Judge deferred ruling on the motion while discovery proceeded. On August 12, 2005, John Shannon Nichols, Esquire, entered an appearance on behalf of Plaintiffs. Dkt No.

---

[3] At no point were Plaintiffs directed to correct this defect in the form of the summonses. Thus, the delay in issuance of the summonses was not a result of Plaintiffs' delay in correcting any error in form. *See* Fed. R. Civ. P. 4(b) (quoted *supra* n. 1).

21. The Magistrate Judge entered an order acknowledging this appearance and allowing counsel twenty (20) days to file a supplemental response to the motion for summary judgment. Dkt No. 24. The supplemental response was filed on September 6, 2005, to which Defendants replied on September 9, 2005. Dkt Nos. 26 & 30.

The Magistrate Judge issued his Report on October 25, 2005, recommending denial of Defendants' motion for summary judgment and concluding that Plaintiffs were entitled to equitable tolling of the time for service. Dkt No. 32. A timely objection and reply to the objection were filed by the parties. Dkt Nos. 34 & 36. The matter is now ripe for resolution by this court.

## OBJECTIONS

Defendants raise three objections to the Report. First, Defendants argue the Report errs in relying on *Ellibee v. Fox,* 2005 WL 1153605 (D. Kan. May 16 2005), because *Ellibee* is distinguishable from the matter in this court. Second, Defendants argue South Carolina has not yet adopted the "unique circumstances" standard for equitable tolling relied on in *Ellibee*. *See* Dkt No. 34 at 3 (citing *Gary v. State,* 557 S.E.2d 662, 663 n. 2 (S.C. 2001)). Finally, Defendants argue the Report errs in concluding that Defendants will suffer no prejudice if Plaintiffs are given the benefit of equitable tolling for the twelve (12) day delay in service.

## DISCUSSION

State law claims pursued in federal court are subject both to the state's relevant statute of limitations and to the state's corresponding rules regarding commencement of an action. *See Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980). Rule 3 of the South Carolina Rules of Civil Procedure, therefore, governs when the present action was commenced. *See Burgin v. LaPointe Mach. Tool Co.,* 161 F.R.D. 44 (D.S.C. 1995) (applying an earlier version of S. C. R. Civ. P. 3 to state law claim

filed in federal court and acknowledging that "[i]n determining when an action is commenced for purposes of tolling the statute of limitations, federal courts sitting in diversity must follow state law"); *Wolfberg v. Greenwood Dev. Corp.*, 868 F. Supp. 132, 133-35 (D.S.C. 1994). *See also McCall v. Williams*, 52 F. Supp. 2d 611, n. 5 (D.S.C. 1999) (applying state's commencement rule to state law claims and federal commencement rule to federal claims asserted in the same action).

Under the South Carolina Rules of Civil Procedure, an action is commenced when the summons and complaint are filed with the clerk of court if both are served within the period of the statute of limitations or "if not served within the statute of limitations, *actual service* must be accomplished not later than one hundred twenty days after filing." S.C.R. Civ. P. 3(a)(2) (emphasis added). This version of the rule came into effect on April 27, 2004, and is consistent with similarly worded legislation enacted in 2002. *See* S.C. Code Ann. § 15-3-20 (effective May 24, 2002).

One consequence of the 2004 amendment to S.C.R. Civ. P. 3 was the deletion of former subparagraph (a)(2) which allowed tolling of the time for service if, within the statute of limitations, the summons and complaint were filed with the court *and delivered to the sheriff* in the county in which the defendant last resided so long as actual service occurred within a "reasonable time." *See generally Montgomery v. Mullins,* 480 S.E.2d 467 (S.C. App. 1997) (noting determination of whether service occurred within a "reasonable time" is a matter within the trial judge's discretion). Beyond cases dealing with this now-eliminated provision for "tolling" the time for service, this court has found no South Carolina cases addressing tolling where the complaint is timely filed but service is delayed due to circumstances beyond the plaintiff's control. Neither has the court found any statutory authority either allowing or precluding tolling under circumstances such as those presented here. The court has, therefore, considered the broader question of whether the South Carolina courts

recognize equitable tolling and, if so, under what circumstances.[4]

A handful of South Carolina appellate opinions address equitable tolling in the context of estopping a defendant from relying on a statute of limitations defense where the defendant induced plaintiff to delay filing suit until the relevant period had expired. In the most recent of these, *Holy Loch Dist., Inc. v. Hitchcock*, 503 S.E.2d 787 (S.C. App.), *rev.'d on other grounds,* 531 S.E.2d 282 (S.C. 2000), the South Carolina Court of Appeals held that a defendant may be estopped from asserting a statute of limitations defense where it has induced delay in filing of the action including by an express representation that the claim would be settled without litigation. In an earlier case, the South Carolina Supreme Court held that the time for filing an employee's Worker's Compensation claim was tolled during the full period in which the employee relied on the employer's assurances that his injuries were compensable and that his claims would be paid. *Hopkins v. Floyd's Wholesale,* 382 S.E.2d 907, 908-09 (S.C. 1989). *See also Wiggins v. Edwards,* 442 S.E.2d 169 (S.C. 1994) (noting that a defendant may be estopped from asserting a statute of limitations defense if the delay was induced by defendant's conduct but not finding such circumstances to be present).

---

[4] Where there is no binding state authority, a federal court sitting in diversity must predict how the state's highest court would interpret the relevant law in light of the state's established public policy. *See generally Wade v. Danek Medical, Inc.,* 182 F.3d 281, 286 (4th Cir. 1999) ("In predicting whether the Virginia Supreme Court would apply an equitable tolling rule, we are mindful of the general principle that "[i]n trying to determine how the highest state court would interpret the law, we should not create or expand that State's public policy'"). In fulfilling this goal, and in the absence of any relevant state authority, the federal court will "look to the practices of other states." *Id. See also Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Bev. Co. of S.C.*, __ F.3d __, 2005 WL 3529147, Slip. op. at 4 (4th Cir. Dec. 27, 2005) (noting that, in predicting legal issue not addressed by state's highest court, "a federal court sitting in diversity is not bound by a state trial court's decision on matters of state law" and should "look to other sources, including decisions in other states, for guidance as to how the Supreme Court of South Carolina would rule on this issue").

Two other South Carolina opinions refer to related issues of whether the statute of limitations may be tolled based on an innocent error by the plaintiff or delay allegedly encouraged by judicial action. Neither case, however, ultimately resolves those questions. For instance, in *Gary v. State,* the South Carolina Supreme Court declined to address the availability of equitable tolling where plaintiff had filed his action in the wrong venue. *See* 557 S.E.2d at 663 n. 2 ("express[ing] no opinion on the validity of this defense to the statute of limitation" because the matter was remanded for appointment of counsel and a new hearing). Likewise, in *City of North Myrtle Beach v. Lewis-Davis,* 599 S.E.2d 462 (S.C. App. 2004), the Court of Appeals found it unnecessary to decide whether tolling was available where the delay was allegedly induced by judicial action.[5] This court has located no other South Carolina opinions addressing tolling under circumstances which might guide the present decision.

That the state court has not been called on to address tolling under circumstances similar to those presented here may well result from the significant differences between the two court systems' procedures for issuing summonses. Under the state court rules, litigants sign their own summonses. *See* S.C.R. Civ. P. 4(b) ("[t]he summons shall be signed by the plaintiff or his attorney"). In federal court, the summons is prepared by the litigant but must be presented to the Clerk for signature and seal. Fed. R. Civ. P. 4(b). Federal statutes also require pre-service review of some actions before

---

[5] *Lewis-Davis* arose out of a condemnation action in which the trial court issued an order stating that the landowner-defendants could file a separate action for trespass against the city *and that such an action would not be barred by the statute of limitations* despite passage of the requisite period of time. The trial court based its statute of limitations determination on an *earlier order* which the trial judge believed induced the landowners to delay filing their trespass action. The South Carolina Court of Appeals concluded first that the statute of limitations issue was not properly before the trial court. It also held that the landowner-defendants could not have relied on the earlier order because it "merely allowed [them] to amend their pleading to assert additional damages for trespass [and] did not address the legal merits of the claim." *Id.*, 599 S.E.2d at 464.

8

summonses are issued. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A (requiring pre-service review of all actions filed *in forma pauperis* as well as most actions filed by prisoners). This district has extended similar review procedures to all *pro se* actions. *See* Procedure Bulletin 98-5 (discussed *supra* at 2**)**. It is unclear whether South Carolina conducts any similar review of the substance of IFP, *pro se*, or any other complaints, although IFP motions are reviewed before the complaint is filed. *See* S.C.R. Civ. P. 3(b) (requiring plaintiffs who desire to proceed without payment of fees to file an IFP motion together with a copy of the proposed complaint, with actual filing of the complaint to be completed later if the IFP motion is approved). Given these differences, the particular issue now facing this court is not likely to come before the state court.[6]

This court is, therefore, faced with a state court rule and statute which suggest no leeway in the requirement for service within 120 days but which do not envision court imposed delays in issuance of the summons such as are required or authorized in federal court.[7] The state court rule (and corresponding statute) do not, in any case, appear to anticipate court imposed delay of service

---

[6] While somewhat unlikely given the different forms of review, a similar issue could arise in the state court, if approval of an IFP motion under S.C.R. Civ. P. 3(b) was delayed for an extended period of time on a complaint filed near the end of the statutory period. Under these circumstances, relation back of the complaint to the time of filing of the IFP motion, presuming such relation back is allowed, could satisfy the filing requirement but would not necessarily cure any delay in service as required by S.C.R. Civ. P. 3(a)(2). Thus, under these circumstances the state court would be presented with a similar issue to that now before this court.

[7] The conclusion that the state rule allows for no leeway is supported both by the reference to a requirement for "actual service" in Rule 3(a)(2) of the South Carolina Rules of Civil Procedure and by the elimination of the state court's former authority to allow more time in the event the summons and complaint are timely and properly delivered to the sheriff for service. Notably, a plaintiff proceeding in the South Carolina court system has various means available for perfecting service of the summons and complaint and is not, therefore, wholly dependent on the sheriff for service. S.C.R.Civ. P. 4(c) & (d). While the federal court plaintiff also has various available means of service, he is first dependent on the court to issue the summons which, as noted in the text, is not the case in the South Carolina court system.

9

which leaves plaintiffs with only the most minimal time (19 or fewer days in the present case) within which to serve the complaint before expiration of the 120 day period allowed under S.C.R. Civ. P. 3(a)(2). The situation is further complicated in the case at bar because the order which was forwarded to Plaintiffs with the summonses referred only to the federal service requirements and, in doing so, suggested the time could be extended for "good cause." *See* Dkt No. 5 (advising Plaintiffs the 120 day service requirement of Fed. R. Civ. P. 4(m) could only be extended upon a showing of good cause).

This court concludes that trial courts have the inherent authority to extend the time for service under the state court's commencement rules where the delay in service is the result of the *court's* delay in authorizing service and where such delay is so substantial as to significantly impair the plaintiff's ability to effect timely service. *See Ellibee, supra* (finding tolling of state court's commencement rule where federal court's review procedures under 28 U.S.C. § 1915A caused delay in service of the filed complaint). In this regard, the court disagrees with Defendants' view that *Ellibee* is distinguishable. The critical point in *Ellibee* is that plaintiffs should not be prejudiced by actions of the court which significantly delay or impair plaintiffs' ability to serve process in a timely manner. Other courts have also applied equitable tolling where a plaintiff is "in some extraordinary way prevented from asserting his rights." *See generally* 54 C.J.S. Limitations of Actions § 86 ("Equitable Tolling and Related Matters"); *Id.* § 85 ("The statute of limitations, in most cases, has been tolled not when plaintiff has 'slept on his rights,' but rather when he has been prevented from asserting them.").

The court further determines that the burden of establishing an adequate basis for any such extension and the reasonableness of the actual extension requested rests on the Plaintiffs. The court

does not, therefore, conclude that tolling for the full period of delay caused by this court's review is required or appropriate.[8] Instead, consistent with the former state court "sheriff's pocket" rule and the standards applicable under Rule 4(m) of the Federal Rules of Civil Procedure, the court concludes only that it may, for good cause, extend the period by a reasonable period of time.[9]

The court declines, however, to decide whether good cause has, in fact, been shown or whether the period of delay was reasonable. This is, in part, because no motion has been made seeking such relief. In addition, the court believes the matter should be more fully developed to insure a complete record to aid this court in exercising its equitable powers and in the event of an appeal.[10] Among other things, the court must balance the harm to the parties which, on Plaintiffs' side, involves loss of the right to bring the action based on a minimal delay and, on Defendant's side, at least loss of the statute of limitations defense to the extent it rests on the minimal delay. Whether the latter constitutes legal prejudice or injury to Defendant is left open for further briefing.

By allowing time for further development, the court is not foreclosing the possibility that good cause will be found for extending the period and the time involved in effecting service will be deemed reasonable based on the evidence now before the court.

---

[8] In this regard, the court finds *Hopkins* (*supra* at 7) to be distinguishable. There the South Carolina Supreme Court found equitable tolling to be applicable during the entire period in which the plaintiff was discouraged from filing a claim. This result recognizes that it was the employer-defendant who caused the delay. By contrast, the cause of delay addressed in this order is not attributable to the Defendants.

[9] The standard to be applied to tolling for state commencement purposes would require a showing at least as great as that necessary under Fed. R. Civ. P. 4(m). Therefore, the same proof would satisfy the requirements for an extension of the time for service under Rule 4(m).

[10] For example, the record does not disclose the reasons, if any, for the twelve day delay in service.

**CONCLUSION**

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge to the extent it recommends denial of Defendants' motion for summary judgment on the statute of limitations issue. The court defers ruling on the issues of whether Plaintiffs have shown good cause for and reasonableness of the delay. These matters will be addressed on proper motion or by evidentiary hearing at a later time.

IT IS SO ORDERED.

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 4, 2006

C:\temp\notesB0AA3C\04-22910 snyder v robers adopt R&R (deny sj re st of lim) -- R2.wpd